UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RONNIE L. WILLIS,

                                Plaintiff,

      -v.-                                                           6:05-CV-611
                                                                            (LEK/RFT)

COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.
_____

**DECISION AND ORDER**

      Plaintiff commenced this action seeking judicial review of a decision by the Commissioner of Social Security denying Plaintiff's application for Social Security disability insurance benefits ("DIB"). The Commissioner seeks to affirm the decision and has moved for judgment on the pleadings. This Court has jurisdiction to review an unfavorable decision of the Commissioner under 42 U.S.C. § 405(g). This Court finds that the Administrative Law Judge failed to apply the proper legal standards to the evidence in the record and remands the case for further consideration.

                                           I.   Background

                                       A.   Procedural History

     Plaintiff filed for SSI benefits and DIB on August 19, 2003, alleging disability due to swollen knees, seizures, and heart problems. (Tr. at 61-63, 73, 201-07).[1] This application was denied, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 48-51, 97-98). A hearing was held on June 2, 2004, and on June 25, 2004, the ALJ issued a decision which found Plaintiff not disabled. (Tr. at 17-28, 209-35). This decision became the final decision of the Commissioner when the Appeals Council denied review on March 25, 2004. (Tr. at 4-6).

---

[1] "Tr." refers to the administrative transcript in this case. (Dkt. No. 11).

This action followed.

### B.  Contentions

Although Plaintiff appeared at the hearing with an attorney, Plaintiff proceeds pro se on this appeal.  Plaintiff has submitted a letter, construed as his brief, which argues that he was denied benefits "without reason to [his] satisfaction." (Dkt. No. 12).  The Commissioner counters that substantial evidence supports the ALJ's decision.  (Def.'s Br., Dkt. No. 10, at 5-13).

### C.  Facts

The evidence in this case is undisputed and the court adopts the factual recitation contained in the Defendant's brief.  (*See* Def.'s Br. at 2-10).

## II.  Analysis

### A.  Standards and Scope of Review

When reviewing the Commissioner's final decision under 42 U.S.C. 405(g),[2] the court "must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) (citation omitted).  It does not determine *de novo* whether a claimant is disabled.  *See Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000) (citation omitted).  Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is made by an ALJ, and that decision is subject to judicial review on appeal.  A court may not affirm an ALJ's decision if it

---

[2]The Section 405(g) standard of review in disability insurance proceedings under Title II of the Social Security Act also applies to supplemental security income proceedings under Title XVI of the Act.  *See* 42 U.S.C. § 1383(c)(3).  Similarly, the analysis of supplemental income claims under Title XVI parallels, in relevant part, the statutory and regulatory framework applicable to disability claims under Title II.  *See Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003).

reasonably doubts whether the proper legal standards were applied, even if it appears to be supported by substantial evidence.  *See Pollard v. Halter*, 377 F.3d 183, 188-89 (2d Cir. 2004) (citation omitted); *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987).  "Failure to apply the correct legal standards is grounds for reversal." *Pollard*, 377 F.3d at 189 (internal quotation marks and citation omitted).

A court's factual review of the Commissioner's decision is limited to the determination of whether substantial evidence in the record supports the decision.  *See* 42 U.S.C. § 405(g); *see also Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991).  "Substantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal quotation marks omitted).  It must be "more than a mere scintilla" of evidence scattered throughout the administrative record.  *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted).  An ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision.  *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted).  However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision.  *See* 42 U.S.C. § 405(g); *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The court has the authority to affirm, reverse, or modify a final decision of the Commissioner with or without remand.  42 U.S.C. § 405(g); *Butts*, 388 F.3d at 385.  Remand is

3

warranted where there are gaps in the record and further development of the evidence is needed, or where the ALJ has applied an improper legal standard. *See Butts*, 388 F.3d at 385; *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980). Remand is particularly appropriate where further findings or explanation will clarify the rationale for the ALJ's decision. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (citation omitted). By contrast, reversal and remand solely for calculation of benefits is appropriate when there is "persuasive proof of disability" and further development of the record would not serve any purpose. *Rosa*, 168 F.3d at 83; *Parker*, 626 F.2d at 235; *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional evidence particularly appropriate where payment of benefits already delayed for four years and remand would likely result in further lengthening the "painfully slow process" of determining disability). However, absent sufficient evidence of disability, delay alone is not a valid basis for remand solely for calculation of benefits. *See Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996) (citation omitted).

## B. Five-Step Disability Determination

A plaintiff seeking Social Security Disability Insurance (SSDI) or SSI benefits is disabled if he can establish that he is unable "to engage in *any* substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months ...." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)[3] (emphasis added).

---

[3] In addition, a claimant's physical or mental impairment or impairments [must be] of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [s]he lives, or whether a specific job vacancy exists for h[er], or whether [s]he would be hired if [s]he applied for work. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Therefore, a plaintiff must not

The Commissioner uses a five-step process to evaluate SSDI and SSI claims. *See* 20 C.F.R. §§ 404.1520, 416.920. Step One requires the ALJ to determine whether the claimant is presently engaging in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, he is not considered disabled. However, if he is not engaged in SGA, Step Two requires that the ALJ determine whether the claimant has a severe impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant is found to suffer from a severe impairment, Step Three requires that the ALJ determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, §§ 404.1520(d), 416.920(d). The claimant is presumptively disabled if the impairment meets or equals a listed impairment. *See Ferraris*, 728 F.2d at 584. If the claimant is not presumptively disabled, Step Four requires the ALJ to consider whether the claimant's residual functional capacity (RFC) precludes the performance of her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). At Step Five, the ALJ determines whether the claimant can do any other work. 20 C.F.R. §§ 404.1520(g), 416.920(g).

The claimant has the burden of showing that he cannot perform past relevant work. *Ferraris*, 728 F.2d at 584. However, once he has met that burden, the ALJ can deny benefits only by showing, with specific reference to medical evidence, that he can perform some less demanding work. *See White v. Sec'y of Health & Human Servs.*, 910 F.2d 64, 65 (2d Cir. 1990); *Ferraris*, 728 F.2d at 584. In making this showing, the ALJ must consider the claimant's RFC, age, education, past work experience, and transferability of skills, to determine if he can perform other work existing in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g); *see New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

---

only carry a medically determinable impairment but an impairment so severe as to prevent her from engaging in any kind of substantial gainful work which exists in the national economy.

5

In this case, the ALJ found that Plaintiff satisfied Step One because he had not worked since his alleged onset date. (Tr. at 20). In Step Two, the ALJ determined that Plaintiff suffered from the following severe impairments: osteoarthritis of the knees, lumbar spinal stenosis with disc bulging and an L4 radiculitis, and cognitive deficits as a result of alcohol dependence (now in full remission). *Id.* at 23. In Step Three, the ALJ determined that Plaintiff's impairments failed to meet or equal a combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 (the "Listings"). (Tr. at 24). In Step Four, the ALJ determined that Plaintiff retained the RFC to sit, stand, and/or walk for up to six hours in an eight-hour workday; lift ten pounds frequently and twenty pounds occasionally; and Plaintiff's non-exertional impairments limited him to performing unskilled tasks. (Tr. at 25). At Step Five, the ALJ determined that while Plaintiff could not perform his past work as a janitor, he could perform other work existing in significant numbers in the national economy. In coming to this conclusion, the ALJ relied on Medical-Vocational Rule 202.13, Appendix 2, Subpart P, Regulations No. 4. (Tr. at 25). The ALJ did not call a vocational expert to testify in this case.

C. Analysis of the Commissioner's Decision

Because Plaintiff's brief makes no specific legal challenges to the validity of the Commissioner's decision, the Court will evaluate the decision for compliance with the appropriate legal standards and basis in substantial evidence of record. *See Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

As noted above, the ALJ found that Plaintiff retained the RFC to sit, stand, and/or walk for up to six hours in an eight-hour workday; lift ten pounds frequently and twenty pounds occasionally; and Plaintiff's non-exertional impairments limited him to performing unskilled tasks. (Tr. at 25).

This RFC is generally consistent with the ability to perform light work.[4]  However, this RFC finding does not indicate an ability to perform the *full range* of light work, because the ALJ found that Plaintiff suffered from non-exertional impairments, resulting from his subjective complaints of pain and his mild cognitive decline related to a history of alcohol dependence, that limited him to performing only unskilled tasks.  (Tr. at 26).  The ALJ went on to apply the Medical-Vocational Guidelines, specifically Rule 202.13, to determine that Plaintiff was not disabled.  (Tr. at 25).

The Medical-Vocational Guidelines, or "grids," are generally dispositive on the disability decision.  *Grey v. Chater*, 903 F. Supp. 293, 298 (N.D.N.Y. 1995).  If the Guideline factors accurately describe an applicant's mental and physical condition, the Commission may rely exclusively upon these factors.  *Id.*  The Guidelines accurately describe an applicant's condition if substantial evidence supports the Commissioner's finding that the applicant can fully perform the requirements of the work.  *See id.* at 299–302; *see also Nelson v. Bowen*, 882 F.2d 45, 49 (2d Cir. 1989).

Where significant non-exertional impairments are present, "application of the grids is inappropriate."  *Rosa v. Callahan*, 168 F.3d 72, 82 (2d Cir. 1999).  Instead, the Commissioner must introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the economy which claimant can obtain and perform.  *Id.*  In this case, the ALJ's exclusive reliance on

---

[4] To find a residual functional capacity for light work, the Commissioner must find that a individual is able to lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  20 C.F.R. § 404.1567(b).  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  *Id.*  To be considered capable of performing a full or wide range of light work, a claimant must have the ability to do substantially all of these activities.  *Id.*  If someone can do light work, they are presumed able to do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  *Id.*

the grids was error, as the ALJ found that Plaintiff suffered from significant non-exertional impairments which would require the testimony of a vocational expert or other similar evidence on the issue of whether Plaintiff could perform jobs that exist in the national economy.

In considering Plaintiff's impairments on remand, the ALJ may rely on the grids only as a framework to guide his decision. 20 C.F.R. § 416.969a(d).  To determine whether jobs exist in the national economy that the claimant is capable of performing, the ALJ should consult other sources, such as a vocational expert.  *Rosa*, 168 F.3d at 82; *Jackson v. Astrue*, No. 06-CV-6372, 2007 WL 1428442, at *5 (W.D.N.Y. April 25, 2007).  It is noted that regardless of whether substantial evidence supported the ALJ's determination, where "reasonable basis for doubt exists as to whether correct legal principles were applied, the ALJ's decision may not be affirmed."  *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987).  Thus, this case is remanded for proper evaluation of Plaintiff's ability to perform other work existing in significant numbers in the national economy.

III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED,** that the decision denying disability benefits is **REVERSED and REMANDED** for proper consideration of Plaintiff's ability to perform work existing in significant numbers in the national economy; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.

DATED:      March 24, 2008
            Albany, New York

Lawrence E. Kahn
U.S. District Judge